Filed 5/23/22  P. v. Alvarez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MARIO ALVAREZ, Defendant and Appellant. | B313409 (Los Angeles County Super. Ct. No. TA148344) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Mario Alvarez appeals from his conviction on 16 charges, including three counts of forcible rape of a minor. Defendant was sentenced to prison for 150 years to life. Defendant contends the court erred by admitting testimony regarding child sexual abuse accommodation syndrome (CSAAS) and that his trial counsel was ineffective in failing to oppose the admission of such evidence on all appropriate grounds and in failing to object to testimony by one of the investigating detectives.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with one count of forcible oral copulation with a minor over the age of 14 (Pen. Code, former § 288a, subd. (c)(2)(C), renumbered § 287, subd. (c)(2)(C); count 1); three counts of forcible rape of a minor over the age of 14 (§ 261, subd. (a)(2); counts 2, 5 & 9); three counts of forcible sodomy with a minor 14 years or older (§ 286, subd. (c)(2)(C); counts 3, 7 & 11); two counts of forcible sodomy with a minor under the age of 16 (§ 286, subd. (b)(2); counts 4 & 13); two counts of unlawful sexual intercourse with a minor under the age of 16 (§ 261.5, subd. (d); counts 6 & 10); two counts of sodomy with a victim under the age of 18 (§ 286, subd. (b)(1); counts 8 & 12); three counts of lewd act upon a child under the age of 14 (§ 288, subd. (a); counts 14, 15 & 16); and one count of sexual battery (§ 243.4, subd. (e)(1); count 17). Multiple victim allegations were alleged as to counts 1, 2, 3, 5, 7, 9, 11, 14, 15 and 16 (§ 667.61, subds. (b) & (e)). Count 13 was dismissed during trial.

The charges arose from allegations of abuse made by two half sisters who were both minors during the time the abuse occurred. The two victims lived with an older half sister who

cared for them in lieu of their mother. Defendant was the older sister's boyfriend. The alleged abuse occurred from July 2015 through early 2019.

During pretrial proceedings, the prosecution moved to admit CSAAS testimony from its expert psychologist, Dr. Jayme Jones. Defendant made a general objection, without stating any specific grounds, stating only "[t]he defense would object." Judge Kelvin Filer granted the prosecution's motion, explaining that CSAAS evidence was "a recognized field of inquiry that having an expert witness talk about it would assist the jury."

After assignment to Judge Laura Walton for trial, the parties stipulated to the pretrial rulings made by Judge Filer on the evidentiary motions, including the granting of the prosecution motion to admit CSAAS evidence.

The prosecution presented the testimony of Dr. Jones, a clinical psychologist and expert in CSAAS. Among other things, she testified about CSAAS and generally how victims of sexual abuse, particularly child victims, tend not to immediately disclose the abuse, often disclose "a little at a time" and may sometimes recant or partially recant. During cross-examination, Dr. Jones was also asked about victim suggestibility and the importance of the role of the interviewer in cases of suspected child sexual abuse.

The jury found defendant guilty on all 16 counts and found true the multiple victim special allegations. The court sentenced defendant to an indeterminate prison sentence of 150 years to life (10 consecutive terms of 15 years to life on counts 1, 2, 3, 5, 7, 9, 11, 14, 15 & 16). The court imposed concurrent determinate terms on the remaining counts and awarded defendant 873 days of presentence custody credits.

This appeal followed.

## DISCUSSION

### 1.    The Admission of CSAAS Evidence

Respondent contends defendant forfeited his contention the CSAAS evidence should have been subjected to the threshold admission requirements for scientific evidence under the *Kelly* rule by failing to object on that, or any, basis in the trial court. (The *Kelly* rule was formerly known as the *Kelly-Frye* rule based on the rulings of *People v. Kelly* (1976) 17 Cal.3d 24 and *Frye v. U.S.* (D.C. Cir. 1923) 293 F. 1013, but changes to the Federal Rules of Evidence have superseded *Frye*. (*People v. Nieves* (2021) 11 Cal.5th 404, 442, fn. 8.))

We agree.  Defendant objected pretrial without stating any grounds and the general objection was overruled.  At trial, defendant then stipulated to the pretrial ruling allowing the admission of the evidence.  No further objections were stated on any basis during the testimony of the prosecution expert, Dr. Jones.  By failing to object on *Kelly* grounds at trial, defendant has not preserved his claim for appeal.  (*People v. Ochoa* (1998) 19 Cal.4th 353, 414 (*Ochoa*).)

In any event, even if we considered defendant's argument on the merits, we would reject it.

As defendant concedes, CSAAS evidence is admissible. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300–1301.)  *McAlpin* instructs that while such testimony is not admissible to prove the victim has in fact been sexually abused, it is admissible for the purpose it was admitted here, " 'to disabuse jurors of commonly held misconceptions about child sexual abuse, and to explain the emotional antecedents of abused children's seemingly self-impeaching behavior.' "  (*Id.* at p. 1301.)

4

Defendant also concedes we are bound to follow Supreme Court precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant nevertheless urges us to record our disagreement with this precedent and to conclude that because of the "inherently scientific" nature of CSAAS evidence, such evidence, at least with respect to alleged child sexual abuse victims, should be required to satisfy the threshold requirements of the *Kelly* rule to be admitted.

The argument is not persuasive. CSAAS evidence "has been ruled to be properly admitted by the courts of this state for decades." (See, e.g., *People v. Munch* (2020) 52 Cal.App.5th 464, 472 (*Munch*).) "[C]ourts have long recognized the well-established relevance, necessity, reliability, and importance of this evidence." (*Ibid*.)

Numerous courts have also rejected the argument the *Kelly* rule is applicable. "CSAAS testimony does not purport to provide a definitive truth; rather, the expert testimony attempts to disabuse jurors of misconceptions they might hold about the conduct of children who have been sexually abused. In short, expert CSAAS testimony is not ' " 'scientific' " evidence' subject to the *Kelly* rule." (*People v. Lapenias* (2021) 67 Cal.App.5th 162, 173; *Munch, supra,* 52 Cal.App.5th at pp. 472–473 [CSAAS evidence is not new experimental scientific evidence but rather, expert testimony " 'based on [the expert's] clinical experience with child sexual abuse victims and on [his or] her familiarity with professional literature in the area.' "]; & *People v. Harlan* (1990) 222 Cal.App.3d 439, 449 [the *Kelly* rule "does not apply to this type of evidence"].)

## 2.    Ineffective Assistance of Counsel

Defendant argues his trial counsel was ineffective in failing to specifically object on all appropriate grounds to the admission of the CSAAS evidence and in failing to object to Detective Terry Johnson's improper vouching for the two victims.

Defendant's burden to establish ineffective assistance on direct appeal is significant.  Defendant must demonstrate "both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings."  (*People v. Cudjo* (1993) 6 Cal.4th 585, 623, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687–696; accord, *Ochoa, supra,* 19 Cal.4th at p. 414.)

As we have explained above, the CSAAS evidence was admissible under well-established precedent and courts have consistently rejected defendant's contention the *Kelly* rule applies.  Defendant cannot demonstrate any prejudice from counsel's failure to more vigorously object to the admission of this evidence.

As for defense counsel's failure to object to the two brief comments by Detective Johnson in which she appeared to vouch for the credibility of the victims, defendant also has not shown either element of an ineffective assistance claim.  "[W]here the appellate record does not reveal whether counsel had a legitimate reason for a litigation choice, we generally reserve consideration of any ineffective assistance claim for possible proceedings on petition for writ of habeas corpus."  (*People v. Snow* (2003) 30 Cal.4th 43, 95; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

6

Moreover, the record here shows the defense theory was largely premised on the alleged inadequacy of the investigation. The comments by Detective Johnson that she believed the victims therefore served the defense theory that the investigation was faulty from the beginning because of Detective Johnson's immediate acceptance of the veracity of the victims.

**DISPOSITION**

The judgment of conviction is affirmed.



GRIMES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.